**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RICKY LEE WHEELDON,

      Petitioner,                   Civil No. 2:16-CV-10041
                                       HONORABLE ARTHUR J. TARNOW
v.                                  UNITED STATES DISTRICT JUDGE

SHERMAN CAMPBELL,

      Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

      Ricky Lee Wheeldon, ("Petitioner"), confined at the Carson City

Correctional Facility in Carson City, Michigan, filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner

challenges his conviction for conducting a criminal enterprise (racketeering),

M.C.L.A. § 750.159i(1), receiving or concealing stolen firearms, M.C.L.A. §

750.535; felon in possession of a firearm, M.C.L.A. § 750.224f; possession of a

firearm during the commission of a felony, M.C.L.A. § 750.227b; receiving or

concealing a stolen motor vehicle, M.C.L.A. § 750.535(7); receiving or concealing

stolen property with a value of $20,000 or more, M.C.L.A. § 750.535(2)(a);

possession with intent to deliver less than 50 grams of cocaine, M.C.L.A. §

333.7401(2)(a)(iv); possession with intent to deliver 5 kilograms or more but less

*Wheeldon v. Campbell,* 2:16-cv-10041

than 45 kilograms of marijuana, M.C.L.A. § 333.7401(2)(d)(ii), possession of

methamephetamine, M.C.L.A. § 333.7403(2)(b)(ii); and being a fourth felony

habitual offender, M.C.L.A. § 769.12.  For the reasons that follow, the petition for

writ of habeas corpus is DENIED.

## I.  Background

Petitioner was convicted following a jury trial in the Jackson County Circuit

Court.  Petitioner was acquitted of resisting and obstructing a police officer.  This

Court recites verbatim the relevant facts relied upon by the Michigan Court of

Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §

2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

I. FACTS

A. BACKGROUND FACTS

Detective Charles Buckland testified that, in October 2010, he
interviewed David Cunningham about his involvement in a home
invasion.  Cunningham testified that he told Detective Buckland that,
beginning in 2005, he committed more than 100 home invasions for
Wheeldon in exchange for cash, marijuana, and cocaine.  According to
Cunningham, while spending time with Wheeldon at his home at 818
Munith Road, he saw people drop off items—including tools, lumber,
windows, generators, and a Harley Davidson motorcycle—and leave
with bags of marijuana or cocaine.  Wheeldon stored the stolen
property in his pole barn.

Cunningham was imprisoned between 2005 and 2010.  When he was
released, he began working with Wheeldon again.  Specifically,
Wheeldon wanted him to steal items from a house on Parman Road.
Wheeldon and Cunningham stole silver, pictures from the walls,

2

*Wheeldon v. Campbell,* 2:16-cv-10041

knickknacks, furniture, and four pistols.  Cunningham testified that he and Wheeldon unloaded the items at 6546 Jordan Road.

## B. THE SEARCH WARRANTS

Detective Timothy Schlundt testified that, after speaking with Detective Buckland, he prepared affidavits for warrants to search 818 Munith Road and 6546 Jordan Road.  Detective Schlundt testified that he wanted to search for items stolen from the Parman Road home and from six other homes in the area.  Detective Schlundt stated that the crimes were outstanding and had no other suspects.

Detective Schlundt's warrant affidavit detailed the information that Detective Buckland stated that Cunningham had told him; Cunningham's statement regarding the Parman Road home invasion and other home invasions in Ingham and Jackson counties; Detective Buckland's investigation of the Parman Road home invasion and description of the items taken from that home; Detective Buckland's description of items taken from a home in Stockbridge, including two trucks, construction equipment; Detective Buckland's description of a backhoe taken from a home on Hull Road; Detective Buckland's description of motors, tools, and construction equipment taken from a home in Leslie; Michigan State Police Trooper Gina Gettel's description of a truck, trailer, and construction equipment taken from a home on Bunkerhill Road; a description of electronics, yard tools, power tools, hand tools, and tires taken from a home in Grass Lake Township; and Cunningham's description of an aluminum brake leaning against the garage at 6546 Jordan Road that matched the description of an aluminum brake stolen from the home in Stockbridge.

The warrants for 818 Munith Road and 6546 Jordan Road included broad categories of property for officers to seize:

Any and all stolen property, as reported in outstanding police complaints or items believed to be stolen based on the totality of the circumstances surrounding this investigation.  Specifically, but not limited to, this would include, handguns, long guns, china, silverware and silver, antique clocks and other furniture.  Also to be seized if located are construction/landscape tools, to include hand and power

*Wheeldon v. Campbell,* 2:16-cv-10041

tools, generators, compressors, heavy equipment, tires, rims, aluminum brakes (in the construction trade), and any other items specifically listed below:

Any and all illegal controlled substances including but not limited to marijuana and cocaine.

Any and all items used in packaging, manufacturing, cooking, storing, weighing or processing illegally controlled substances for sale.

Any and all weapons including but not limited to firearms.

Any and all items taken in exchange for drugs including but not limited to U.S. currency.

Any and all items of residency including but not limited to, deeds, bills, leases, phone records, bank records, safety deposit box records, income tax forms and identification.

Any and all items used in the recording of illegal drug sales, thefts and or future criminal planning, including but not limited to, tally sheets, ledgers notebooks, video tapes, cassette tapes, journals, computer discs and computers.

Any and all cell phones, PDA's, computers, and/or electronic storage devices located at the residence and the electronic data contained/stored within the cellular telephones, computers, or other electronic devices.

On November 3, 2010, officers executed the search warrants at 818 Munith Road and 6546 Jordan Road.  Trooper Gettel testified that when officers executed the warrant at 818 Munith Road, officers saw Wheeldon entering and leaving a garage at 813 Munith Road. According to Gettel, after Wheeldon failed to comply with her commands to remove his hands from his pockets, she tazed him because she believed that he was trying to get a weapon.  Officers also obtained a warrant to search 813 Munith Road.   Officers seized hundreds of items pursuant to the warrant, including 5,029 grams of

4

*Wheeldon v. Campbell,* 2:16-cv-10041

marijuana in gallon bags, 7.75 grams of methamphetamine, and 40.64 grams of cocaine.

## C. MOTION TO QUASH

Before trial, Wheeldon moved to quash the search warrants and exclude evidence that officers seized under them. Wheeldon asserted that the warrants did not particularly describe the items that officers were to seize and that the affidavits supporting the warrants did not provide probable cause. The trial court denied Wheeldon's motion to quash because more detail would have been impractical and overly burdensome given "the massive scope of the enterprise that Cunningham is informing the police of[.]"

## D. MOTION TO SEVER

Wheeldon asserted that the charges were not related or connected and moved to sever the nine charges against him under MCR 6.120(B) and (C). Wheeldon sought to split the charges into five trials, including a separate trial for his charge of resisting or obstructing. The trial court denied the motion on the basis that the charges involved a common scheme.

## E. VIEW OF THE EVIDENCE

At trial, witnesses described and identified over 100 items of stolen property, including guns, John Deere mowers and tractors, home appliances, tools, antiques, clocks, and miscellaneous personal items. The prosecutor moved for a jury view of the property, located at a storage facility, because of the large size and quantity of the items. The trial court granted the prosecutor's motion on the basis that there were too many items to bring into the courtroom. After the jury view, the trial court instructed the jury that it was not to make inferences about the property, and that it was still the prosecutor's burden to show that Wheeldon stole the items.

*People v. Wheeldon*, No. 314420, 2014 WL 2040049, at *1-3 (Mich. Ct. App. May 15, 2014).

5

*Wheeldon v. Campbell,* 2:16-cv-10041

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 497 Mich. 952, 858 N.W.2d 43 (2015).

Petitioner seeks a writ of habeas corpus on the following grounds: (1). Fourth Amendment violation; (2) insufficient evidence to support racketeering conviction; (3) insufficient evidence for the two possession with intent to deliver convictions; (4) improper jury view; and (5) improper joinder.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

*Wheeldon v. Campbell,* 2:16-cv-10041

*Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs

when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may

not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

**A. Claim # 1.  The Fourth Amendment claim is non-cognizable.**

Petitioner first argues that the trial judge erred in failing to suppress

evidence that he claims was seized in violation of his Fourth Amendment rights.

Petitioner contends that the police did not have probable cause to support the

search warrants, that the warrant affidavit contained false information and

omitted important facts, that the warrants did not state with particularity the items

to be seized, and that the police exceeded the scope of the search warrants.

A federal habeas review of a petitioner's arrest or search by state police is

barred where the state has provided a full and fair opportunity to litigate an illegal

arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95

(1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000).  For such an

opportunity to have existed, the state must have provided, in the abstract, a

mechanism by which the petitioner could raise the claim, and presentation of the

*Wheeldon v. Campbell,* 2:16-cv-10041

claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982). The relevant inquiry is whether a habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided. *See Wynne v. Renico,* 279 F. Supp. 2d 866, 892 (E.D. Mich. 2003); *rev'd on other grds* 606 F.3d 867 (6th Cir. 2010).

Petitioner presented his Fourth Amendment claim to the state trial court in his pre-trial motion to suppress. Petitioner was later able to present his Fourth Amendment claim to the Michigan appellate courts. That is sufficient to preclude review of the claims on habeas review. *See Good v. Berghuis,* 729 F. 3d 636, 640 (6th Cir. 2013). Petitioner is not entitled to relief on his first claim.

### B. Claims # 2 and # 3. Sufficient evidence supported the convictions.

Petitioner contends that there was insufficient evidence to support his convictions for racketeering and his two possession with intent to deliver charges.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the

8

*Wheeldon v. Campbell,* 2:16-cv-10041

evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. See *Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*

Petitioner in his second claim argues that there was insufficient evidence to support his conviction for racketeering.

9

*Wheeldon v. Campbell,* 2:16-cv-10041

The elements of racketeering are:

(1) an enterprise existed,

(2) the defendant was employed by, or associated with, an enterprise,

(3) the defendant knowingly conducted or participated, directly or indirectly, in the affairs of the enterprise, and

(4) a pattern of racketeering activity consisting of at least two racketeering offenses.

*People v. Wheeldon*, 2014 WL 2040049, at *7 (citing *People v. Martin*, 271 Mich. App. 280, 289-90, 721 N.W.2d 815, 826 (2006)).

Petitioner first contends that there was insufficient evidence to sustain his racketeering conviction because a single person cannot constitute an enterprise under the racketeering statute. *See People v. Kloosterman,* 296 Mich. App. 636, 641–642; 823 N.W. 2d 134 (2012).  The Michigan Court of Appeals rejected petitioner's claim, noting that Cunningham testified that he worked with petitioner with numerous home invasions, thus, the evidence established that petitioner associated with another person, so as to be involved in a criminal enterprise. *Wheeldon*, 2014 WL 2040049, at * 8.

Petitioner next argues the prosecutor did not show that he committed two or more predicate criminal acts.

The Michigan Court of Appeals rejected petitioner's claim:

10

*Wheeldon v. Campbell,* 2:16-cv-10041

Felony receiving and concealing stolen property under MCL 750.535 is an act of racketeering. Receiving and concealing stolen property is a felony if the property has a value of (1) $20,000 or more, or (2) $1,000 or more but less than $20,000. The property's value is an essential element of the crime of receiving and concealing stolen property. The property's owner is qualified to testify about the property's value, unless the owner bases his or her valuation on personal or sentimental value. Further, the jury may determine value by considering the evidence and applying its judgment. Reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime.

Here, the prosecutor asserted that the predicate offenses of racketeering were two offenses of receiving and concealing stolen property between November 2, 2005, and November 3, 2010. Brooke Risner identified two John Deere tractors that were stolen from his home in 2010—one valued at $ 29,000, and the other valued at $ 11,312.11. Thus, Risner's testimony alone was sufficient to establish two acts of felony receiving and concealing stolen property—one under MCL 750.535(3)(a) and the other under MCL 750.535(2)(a). As well as relying on Risner's testimony, the jury could have reasonably concluded that the aggregate value of the items of other stolen property, which included sophisticated tools and construction equipment, was over $ 1,000.

*People v. Wheeldon*, No. 314420, 2014 WL 2040049, at * 8 (internal footnotes omitted).

Petitioner finally argues that there was insufficient evidence that he

conducted a criminal enterprise for financial gain.

The Michigan Court of Appeals rejected petitioner's claim:

We disagree. Cunningham testified that in exchange for providing Wheeldon with stolen property, Wheeldon provided him with cash and drugs. Police recovered stolen property and a large quantity of cash from Wheeldon's property. Thus, the jury could reasonably infer that Wheeldon received and concealed stolen property in order to profit.

11

*Wheeldon v. Campbell,* 2:16-cv-10041

We conclude that the jury had sufficient evidence from which to infer that Wheeldon conducted a criminal enterprise for financial gain.

*People v. Wheeldon*, 2014 WL 2040049, at * 8.

When viewed in a light most favorable to the prosecution, the evidence established the elements of racketeering beyond a reasonable doubt. Petitioner is not entitled to relief on his second claim.

Petitioner in his third claim alleges that there was insufficient evidence to sustain his convictions for possession with intent to deliver cocaine and marijuana. The Michigan Court of Appeals rejected petitioner's claim:

> The jury may infer a defendant's intent to deliver a controlled substance "from the quantity of narcotics in a defendant's possession, from the way in which those narcotics are packaged, and from other circumstances surrounding the arrest." Here, officers seized 5,029 grams of marijuana and 40.64 grams of cocaine from Wheeldon's property. Cunningham testified that Wheeldon delivered marijuana and cocaine to him in 2005 and 2010, and that he saw Wheeldon delivering marijuana and cocaine to others. Given the quantity of drugs and Cunningham's testimony, we conclude that the jury properly inferred that Wheeldon intended to deliver the drugs.

*People v. Wheeldon*, 2014 WL 2040049, at *9 (internal footnote omitted).

Under Michigan law, to convict a defendant of possession with intent to deliver a controlled substance, the prosecution must prove: (1) that the recovered substance is a narcotic; (2) the weight of the substance; (3) that the defendant was not authorized to possess the substance; and (4) that the defendant knowingly possessed the substance with the intent to deliver it. *See*

12

*Wheeldon v. Campbell,* 2:16-cv-10041

*People v. McGhee,* 268 Mich.App. 600, 622; 709 N.W.2d 595 (2005).  "Intent to deliver has been inferred from the quantity of narcotics in a defendant's possession, from the way in which those narcotics are packaged, and from other circumstances surrounding the arrest." *People v. Wolfe*, 440 Mich. 508, 524; 441 N.W. 2d 1201 (1992).

The evidence was sufficient for a rational trier of fact to conclude that petitioner intended to deliver the cocaine and marijuana seized.  The large amount of cocaine and marijuana recovered from the house support the jury's finding that petitioner intended to deliver these substances. *See U.S. v. Walden,* 625 F. 3d 961, 963, 967-68 (6th Cir. 2010).  Likewise, it was reasonable for the jury to infer from an intent to deliver from testimony that petitioner sold controlled substances in the past. *See United States v. Clark*, 634 F.3d 874, 877 (6th Cir. 2011).  Petitioner is not entitled to relief on his third claim.

### C. Claim # 4.  The jury view claim.

Petitioner next contends that his rights were violated when the judge permitted the jury to go visit and view his property.

State court judges in Michigan have discretionary authority to permit juries to view crime scenes. *See* Mich. Comp. Laws § 768.28; Mich. Ct. R. 6.414 (F). Under federal law as well, "[a] trial court's decision to allow or disallow a jury viewing of an alleged crime scene is highly discretionary." *United States v.*

13

*Wheeldon v. Campbell,* 2:16-cv-10041

*Moonda*, 347 Fed. Appx. 192, 201 (6th Cir. 2009)(*quoting United States v. Triplett*, 195 F.3d 990, 999 (8th Cir. 1999)).  The Supreme Court has never held that a jury view of a crime scene violates the Constitution.  Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by permitting a jury to visit a crime scene, the Michigan Court of Appeals' rejection of the petitioner's claim was not an unreasonable application of clearly established federal law. See *Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006). Petitioner is not entitled to relief on his fourth claim.

**D.  Claim # 5.  The improper joinder claim.**

Petitioner alleges that the trial court committed reversible error when it denied his pre-trial motion for severance.

Improper joinder does not, by itself, violate the federal constitution. *United States v. Lane,* 474 U.S. 438, 446, n. 8 (1986).  The Supreme Court in *Lane* suggested in passing that misjoinder could rise "to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Id.*  The Sixth Circuit has noted that this language in *Lane* concerning a court's failure to sever criminal charges is simply dicta and thus not clearly established federal law. See *Mayfield v. Morrow,* 528 Fed. Appx. 538, 541-42 (6th Cir. 2013).  Because "'clearly established Federal

14

*Wheeldon v. Campbell,* 2:16-cv-10041

law' for purposes of § 2254(d)(1) refers to 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions[.],'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. at 412), the Sixth Circuit concluded that the petitioner could not rely on *Lane* to obtain habeas relief on his claim that he had been deprived of his right to a fair trial when the judge denied his motion to sever different rape charges. *Id.* The Ninth Circuit has likewise held that a habeas petitioner could not rely on the Supreme Court's dicta in *Lane* to obtain habeas relief on an improper misjoinder claim, particularly where that dicta was merely mentioned as a comment in a footnote of the opinion. See *Collins v. Runnels*, 603 F.3d 1127, 1132 (9th Cir. 2010). Another judge in this district, in rejecting a similar claim, indicated that he had "found no Supreme Court cases holding that a defendant in a criminal case has a constitutional right to a separate trial on each of the charges against him." *Rodriguez v. Jones*, 625 F. Supp. 2d 552, 560-61 (E.D. Mich. 2009)(Rosen, J.).

Given the lack of holdings by the Supreme Court on the issue of whether a state court violates a habeas petitioner's due process rights by joining together unrelated criminal charges in a single trial, the Michigan Court of Appeals' rejection of the petitioner's improper joinder claim was not an unreasonable application of clearly established federal law. See *Wright v. Van Patten,* 552 U.S. at 126; *Carey v. Musladin,* 549 U.S. at 77; *See also Comaduran v. Clark,* 452 Fed. Appx. 728, 728-29 (9th Cir. 2011)(California appellate court's rejection of

15

*Wheeldon v. Campbell,* 2:16-cv-10041

robbery defendant's claim that trial court violated his right to due process by

joining charges arising from three prior burglary-related incidents was not

contrary to, nor an unreasonable application of, clearly established federal law,

so as to entitle petitioner to habeas relief).

Such claims have typically been rejected by the Sixth Circuit even on

direct review of federal criminal convictions.  The Sixth Circuit held that to

establish prejudice from joinder, a defendant must point to specific evidence that

the joinder was prejudicial and "an unproven assertion is not compelling

evidence of actual prejudice." *U.S. v. Saadey*, 393 F. 3d 669, 679 (6th Cir.

2005).  A jury is presumed capable of considering each criminal count separately

and any prejudice arising from trial of joined offenses may be cured by limiting

instructions. *U.S. v. Cope*, 312 F. 3d 757, 781 (6th Cir. 2002).  "Error based on

misjoinder is almost always harmless where...the trial court issues a careful

limiting instruction to the jury on the issue of possible prejudice resulting from the

joinder." *U.S. v. Cody*, 498 F. 3d 582, 587 (6th Cir. 2007).

"[U]nder Michigan law, severance is required only when a defendant

shows that it is necessary to avoid prejudice to his substantial rights." *Clark v.

McLemore,* 291 F. Supp. 2d 535, 545 (E.D. Mich. 2003)(citing M.C.R. 6.121(C)).

"[T]here is no absolute right to a separate trial, and joint trials are strongly

favored 'in the interest of justice, judicial economy and administration.'" *Id.*

16

*Wheeldon v. Campbell,* 2:16-cv-10041

(quoting *People v. Etheridge*, 196 Mich. App. 43, 52; 492 N.W. 2d 490 (1992)).

Severance should only be granted "if there is a serious risk that a joint trial would

compromise a specific trial right of one of the defendants, or prevent the jury

from making a reliable judgment about guilt or innocence." *People v. Hana*, 447

Mich. 325, 359-60; 524 N.W. 2d 682 (1994)).  Finally, under M.C.R. 6.120(B), a

court must sever offenses that are not related as defined in MCR 6.120(B).

MCR 6.120(B) defines related offenses that are those "based on (1) the same

conduct, or (2) a series of connected acts or acts constituting part of a single

scheme or plan."

In the present case, it was not fundamentally unfair to join all of the

charges together against petitioner in a single trial because " joinder was an

efficient use of resources." *Rodriguez v. Jones*, 625 F. Supp. 2d at 561.  In

addition, the jurors acquitted petitioner of the resisting and obstructing charge,

thus, he is unable to show that he was prejudiced by the joinder, because it

shows that the jury was capable of considering the evidence as to each charge

separately. *Cope,* 312 F. 3d at 781; *Zirker v. United States*, 253 Fed. Appx. 573,

577 (6th Cir. 2007)(the "existence of an acquittal virtually guarantees a finding of

no prejudice" involving the joinder of offenses at a single trial).  Petitioner is not

entitled to relief on his fifth claim.

17

*Wheeldon v. Campbell,* 2:16-cv-10041

**E. A certificate of appealability.**

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [1] 28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

---

[1]  Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

18

*Wheeldon v. Campbell,* 2:16-cv-10041

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)).  Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Wheeldon is not entitled to federal-habeas relief on the claims presented in his petition.

19

*Wheeldon v. Campbell,* 2:16-cv-10041

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is

**DENIED WITH PREJUDICE**. (Dkt. # 1).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner will be granted leave to appeal

*in forma pauperis.*


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 19, 2016

I hereby certify that a copy of the foregoing document was served upon
parties/counsel of record on May 19, 2016, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

20